**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115439

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leonard Gendelberg, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Hunter Warfield, | |
| Defendant. | |

   Leonard Gendelberg, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Hunter Warfield (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

   1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

   2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

   3.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.    At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.    Plaintiff Leonard    Gendelberg is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.    Plaintiff is a natural person allegedly obligated to pay a debt.

7.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.    On information and belief, Defendant Hunter Warfield, is a Florida Corporation with a principal place of business in Hillsborough County, Florida.

9.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    The principal purpose of Defendant's business is the collection of such debts.

12.    Defendant uses the mails in its debt collection business.

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

14.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696;  15 U.S.C § 1692(a).

15.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors.  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.    To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection."  *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

17.    In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the

Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18.     Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

19.     To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives. *Russell*, 74 F.3d at 34.

20.     The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

21.     Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

22.     Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

23.     Similarly, a collection letter violates the FDCPA "if it would make the least sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

24.     To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

25.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27.     The alleged Debt does not arise from any business enterprise of Plaintiff.

28.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 11, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

32.     The Letter conveyed information regarding the alleged Debt.

33.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

35.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

38.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

39.     The Letter claims that Plaintiff owes $159.98.

40.     Plaintiff did not owe $159.98 at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

41.    Plaintiff did not owe $159.98 at the time Defendant sent Plaintiff the Letter.

42.    Plaintiff did not owe $159.98 at the time Plaintiff received the Letter.

43.    Defendant's allegation that Plaintiff owed $159.98 is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

44.    Defendant's allegation that Plaintiff owed $159.98 is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

45.    Defendant's allegation that Plaintiff owed $159.98 is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

46.    Defendant's allegation that Plaintiff owed $159.98 is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

47.    Defendant's allegation that Plaintiff owed $159.98 is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

48.    Defendant's allegation that Plaintiff owed $159.98 is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

49.    Defendant's allegation that Plaintiff owed $159.98 is a deceptive means in an attempt to collect the alleged Debt in violation of  15 U.S.C. § 1692e(10).

50.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.


**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

51.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

54.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55.    The Letter claims that Plaintiff owes an alleged Debt to HSNI, LLC.

56.    Plaintiff did not owe the alleged Debt to HSNI, LLC at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

Barshay Sanders PLLC

57.     Plaintiff did not owe the alleged Debt to HSNI, LLC at the time Defendant sent Plaintiff the Letter.

58.     Plaintiff did not owe the alleged Debt to HSNI, LLC at the time Plaintiff received the Letter.

59.     Plaintiff never had an account with HSNI, LLC.

60.     Plaintiff was never indebted to HSNI, LLC.

61.     Plaintiff did not owe any money to HSNI, LLC.

62.     Defendant's allegation that Plaintiff owed the alleged Debt to HSNI, LLC is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

63.     Defendant's allegation that Plaintiff owed the alleged Debt to HSNI, LLC is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

64.     Defendant's allegation that Plaintiff owed the alleged Debt to HSNI, LLC is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

65.     Defendant's allegation that Plaintiff owed the alleged Debt to HSNI, LLC is the false representation of the amount of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

66.     Defendant's allegation that Plaintiff owed the alleged Debt to HSNI, LLC is the false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

67.     Defendant's allegation that Plaintiff owed the alleged Debt to HSNI, LLC is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

68.     Defendant's allegation that Plaintiff owed the alleged Debt to HSNI, LLC is a deceptive means in an attempt to collect the alleged Debt in violation of  15 U.S.C. § 1692e(10).

69.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f**

70.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

73.     15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

74.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

75.     15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

76.     The Defendant attempted to collect on a debt without having any proper documentation on file to ensure that Plaintiff owed any money at all.

77.     It coerced the Plaintiff to settle his account by threat of a legal action and made him pay the money without having any actual proof whatsoever that plaintiff even owed any money at all.

*78.*     When the Plaintiff asked the Defendant multiple times for a validation, the Defendant admitted on the *email dated May 2, 2018, that the Defendant lacked adequate documentation and refunded the money.*

79.     Thus, the Defendant moved initially to collect against the Plaintiff fraudulently and deceptively without having any adequate proof, that any money was owed at all to the creditor.

80.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably mislead the least sophisticated consumer to believe information which is inaccurate.

81.     Defendant had no legal basis to collect any money from the Plaintiff

82.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10) and 1692f and is liable to Plaintiff therefor.


**FOURTH COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692f**

83.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

84.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85.     15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

86.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

87.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

88.     15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

89.     The Defendant to collect on such debt where it had no adequate proof and which by Defendant's assertion was at least two years old, threatened in its letter that it would be reported to the credit bureau.

90.     Defendant coerced Plaintiff to settle his account by threat of a legal action without having any actual proof, and under threat that Defendant would report the debt to the credit bureau in the event of Plaintiff's failure to pay.

91.     The Defendant likely had no intention of reporting such a debt because if the Defendant so intended then it would have done so in the two years or greater period that it held on to such debt.

92.     In threatening to take a legal action, which the Defendant did not actually intend on taking, it violated 15 U.S.C. § 1692e(5).

93.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f and is liable to Plaintiff therefor.


**CLASS ALLEGATIONS**

94.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

95.     Plaintiff seeks to certify a class of:

    i.  All consumers to whom Defendant sent a collection letter without

having documentation to substantiate the subject debt, which letter was sent on or after a date one year prior to the filing of this action to the present.

96.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

97.     The Class consists of more than thirty-five persons.

98.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

99.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

100.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

101.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a.  Certifying this action as a class action; and

    b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as

Class Counsel;

c.   Finding Defendant's actions violate the FDCPA; and

d.   Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Granting Plaintiff's costs; all together with

g.   Such other relief that the Court determines is just and proper.

DATED: April 4, 2019

<div style="margin-left:40%">

**BARSHAY SANDERS, PLLC**

By:  _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115439

</div>



10